IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GOLLORIA GEORGE,
CIERRA POTTS, and
MARY PUC,

    Plaintiffs

v.                                                                C.A. No.:   1:21-cv-765

BUDA HOSPITALITY, LLC, D/B/A
HOLIDAY INN EXPRESS & SUITES
AUSTIN SOUTH-BUDA,
and RAJ C. PATEL,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, GOLLORIA GEORGE, CIERRA POTTS, and MARY PUC (hereinafter sometimes collectively referred to as "Plaintiffs"), by and through their undersigned counsel, sues Defendants, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, and RAJ C. PATEL (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiffs against their employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid overtime, liquidated damages, and a reasonable

attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, has offices and conducts business Hays County, Texas.

## THE PARTIES

4. Plaintiff, GOLLORIA GEORGE, is an individual residing in Hays County, Texas.

5. Plaintiff, CIERRA POTTS, is an individual residing in Hays County, Texas.

6. Plaintiff, MARY PUC, is an individual residing in Hays County, Texas.

7. Plaintiff, GOLLORIA GEORGE, was employed by Defendants from April 4, 2021, until August 10, 2021, as a Front Desk Receptionist at the regular rate of $19.00 per hour. Plaintiff's principle duties were checking in/out guests; answering telephone calls; providing guests with direction to their rooms; informing

guests of all on-site amenities; taking call-in and walk-in reservations; sending and receiving facsimiles; and processing payments.

8. Plaintiff, CIERRA POTTS, was employed by Defendants from July 27, 2021, until August 13, 2021, as a Front Desk Receptionist at the regular rate of $17.00 per hour. Plaintiff's principle duties were checking in/out guests; answering telephone calls; providing guests with direction to their rooms; informing guests of all on-site amenities; taking call-in and walk-in reservations; sending and receiving facsimiles; and processing payments.

9. Plaintiff, MARY PUC, was employed by Defendants from April 8, 2021, until August 12, 2021, as a Front Desk Receptionist at the regular rate of $13.00 per hour with the exception of the time period between July 27, 202, and August 12, 2021, wherein she was to be paid at the regular rate of $19.00 per hour.. Plaintiff's principle duties were checking in/out guests; answering telephone calls; providing guests with direction to their rooms; informing guests of all on-site amenities; taking call-in and walk-in reservations; sending and receiving facsimiles; and processing payments.

10. Plaintiffs' job activities included such activities as transacting business across state lines via interstate telephone calls, interstate facsimiles, and handling credit card transactions that involve the interstate banking and finance systems.

11. Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN

EXPRESS & SUITES AUSTIN SOUTH-BUDA, is a domestic limited liability company organized under the laws of the State of Texas and maintains offices in Hays County, Texas.

12.     Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, is a company that is primarily engaged in the operations of hotels, and is a covered employer as defined by 29 U.S.C. § 203(d).

13.     Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, has two or more employees and sales or business done in excess of $500,000.00 per year.

14.     Defendant, RAJ C. PATEL, is an individual residing in Hays County, Texas.

15.     Defendant, RAJ C. PATEL, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, in relationship to Plaintiffs' employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

16.     Defendant, RAJ C. PATEL, (1) possessed the power to hire and fire Plaintiffs, (2) supervised and controlled employee work schedules or conditions of

employment of Plaintiffs, (3) determined the rate and method of payment to Plaintiffs, and (4) maintained employment records of Plaintiffs.

17. At all times material to this Complaint, Defendants were the employer of the Plaintiffs, and as a matter of economic reality, Plaintiffs were dependent upon Defendants for their employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

18. Plaintiffs re-alleges and incorporates herein paragraphs 1-17, *supra*.

19. Plaintiffs 1) occupied the position of Front Desk Receptionist.; 2) did not hold a position considered as exempt under the FLSA; and, 3) were not paid for all of their overtime hours worked.

20. Defendants' management required Plaintiffs to work in excess of 40 hours in a workweek.

21. Plaintiffs were not paid for her overtime work in accordance with the FLSA.

22. Throughout the employment of Plaintiffs, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

23. Specifically, Plaintiffs' hours were altered by the Defendants so that the Defendants paid Plaintiffs less hours than actually worked.

24. The work schedules for the Plaintiffs required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

25. Plaintiffs worked numerous workweeks wherein they worked in excess of 40 hours in workweek but was only paid her regular hourly rate for all hours worked.

26. Defendants' policy of not properly paying overtime was willful.

27. Defendants either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

29. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

30. Plaintiffs are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs demand Judgment against Defendants jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiff, MARY PUC, re-alleges and incorporates herein paragraphs 3, 6, and 11, *supra*.

30. This is an action by Plaintiff, MARY PUC, against Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, for breach of contract.

31. This claim is properly before this Court pursuant to 28 U.S. Code § 1367, as it are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

32. On or about July 27, 2021, Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA,

Defendant's management offered to pay Plaintiff, MARY PUC, at the rate of $19.00 per hour. A true and correct copy of the offer set forth in a text exchange with Plaintiff, MARY PUC, is attached hereto as Exhibit "A" and incorporated herein.

33. Plaintiff accepted the offer set forth on paragraph 32, *supra*.

34. Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, breached the parties' agreement by paying Plaintiff $13.00 an hour for her work performed from July 27, 2021, through August 12, 2021, instead of the agreed upon $19.00 per hour.

35. Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, breached the Parties' agreement by not compensating Plaintiff for all of her hours at the at the appropriate agreed upon rate.

36. As a result of Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA's breach of the Parties' contract, Plaintiff has been damaged.

37. Plaintiff is entitled to recover her reasonable attorney's fees incurred as a result of brining this claim pursuant to § 38.001(2), (8) of the Texas Civil Practice and Remedies Code.

38. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, BUDA HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS & SUITES AUSTIN SOUTH-BUDA, for the following:

a. Awarding Plaintiff, MARY PUC, her unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff, MARY PUC, pre-judgment interest as provided by law,;

c. Awarding Plaintiff, MARY PUC, her reasonable attorney's fees incurred as a result of brining this claim pursuant to § 38.001(2), (8) of the Texas Civil Practice and Remedies Code.

d. Awarding Plaintiff, MARY PUC, such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this August 31, 2021,

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810

        **ATTORNEYS FOR PLAINTIFF**